Konstandin RRAPO, Petitioner,

v.

Alberto GONZALES, Attorney
General, Respondent.

No. 06–2943–ag.

United States Court of Appeals,
Second Circuit.

Feb. 8, 2007.

Peter E. Torres, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney, District of New Jersey, Colette R. Buchanan, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. WALKER, Hon. JOSEPH M. McLAUGHLIN, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Konstandin Rrapo, a native and citizen of Albania, seeks review of a June 1, 2006, order of the BIA denying his motion to reconsider its April 4, 2006, decision affirming the November 29, 2004, decision of Immigration Judge ("IJ") Noel A. Brennan denying petitioner's application for asylum, withholding of removal, and relief under CAT. *In re Konstandin Rrapo,* No. A 79 443 231 (B.I.A. June 01, 2006), *aff'g* No. A 79 443 231 (B.I.A. April 4, 2006), *aff'g* No. A 79 443 231 (Immig. Ct. N.Y. City Nov. 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reconsider for an abuse of discretion. *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam) (quoting *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001)).

As an initial matter, 8 C.F.R. § 1003.1(d)(3)(iv) prohibits the BIA from engaging in any factfinding in the course of deciding appeals, and directs a "party asserting that the Board cannot properly resolve an appeal without further factfinding" to file a motion for remand. Nevertheless, in his direct appeal to the BIA of the IJ's denial of relief, Rrapo submitted an allegedly material piece of new evidence—the May 2005 newspaper article (the "newspaper article"). However, while Rrapo did not file a motion to remand, it appears that the BIA construed his appeal as such when it stated: "We do not find that the periodical article is material so as to warrant a remand for consideration by the Immigration Judge." Accordingly, we assume that the newspaper article is properly part of the record.

Here, the BIA abused its discretion in denying Rrapo's motion to reconsider because it failed to give a rational explanation for its decision—providing, instead, only "summary" and "conclusory statements" of the type that this court has found impermissible. *Ke Zhen Zhao,* 265 F.3d at 93. Rrapo's motion to reconsider specifically asked the BIA to reconsider its denial in light of the newspaper article, which states he was a Democratic Party ("DP") activist and was threatened with death as a result of his work on behalf of that party. The newspaper article further states that security forces threatened Rrapo's father in the course of searching for him. In denying Rrapo's motion, the BIA simply found: "We have reviewed the arguments made by the respondent in his motion and note that we considered similar arguments before rendering a decision in this case. We decline to revisit them." However, the BIA's prior decision denying Rrapo's appeal did not provide a reasoned evaluation of the newspaper article either. While that decision referred to the news-

paper article, it did so in one conclusory sentence: "We do not find that the periodical article is material so as to warrant a remand for consideration by the Immigration Judge." On its face, the newspaper article seems to be "material," as it goes to the heart of Rrapo's claims and provides significant support for his assertions that he was a DP activist and that he was, and continues to be, threatened with death because of those activities. Yet, neither BIA decision explains why the article was not material; this failure was an abuse of discretion. *Id.* at 97. Accordingly, we grant Rrapo's petition for review so that the BIA may either remand the matter for a new hearing before the IJ or articulate an adequate reason for denying the motion. *Li Yong Cao v. United States Dep't of Justice*, 421 F.3d 149, 159 (2d Cir.2005).

We emphasize that we do not make any comment regarding the newspaper article's authenticity, but we assume that the BIA will address this issue on remand. *See Jin Xiu Chen v. U.S. Dep't of Justice*, 468 F.3d 109, 111 (2d Cir.2006) (per curiam) (assuming authenticity issues will be addressed by the BIA upon remand).[1]

For the foregoing reasons, the petition for review is GRANTED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. We leave it to the BIA to evaluate the relevance and weight of the newspaper article in light of the changed country conditions in Albania. *See Latifi v. Gonzales*, 430 F.3d 103, 106 n. 1 (2d Cir.2005) (per curiam) (upon remand, suggesting that the BIA evaluate petitioner's claims of persecution based on DP activities in light of the DP's return to power through July 2005 elections); *Gjolaj v. BCIS*, 468 F.3d 140, 143 n. 2 (2d Cir.2006) (same).